IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 07-57-GMS |
| | ) |
| AMPARO VEGA-CORTEZ, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and David L. Hall, Assistant United States Attorney for the District of Delaware, and the defendant, Amparo Vega-Cortez, by and through his attorney, Edson Bostic, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with illegal reentry following an order of removal, in violation of 8 U.S.C. § 1326(a). The maximum penalties for Count One are two years imprisonment, a $250,000 fine, one year of supervised release, and a $100.00 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove beyond a reasonable doubt each of the following essential elements of the offense: (a) the defendant is an alien; (b) the defendant was removed from the United States; (c) the defendant thereafter was found in the United States; (d) without having obtained permission from the Attorney General or the Undersecretary for Border and Transportation Security, Department of Homeland Security to reapply for admission to the United States.

3. The defendant knowingly, voluntarily, and intelligently admits that: (a) he is an alien and subject of Mexico, (b) on or about November 23, 1999, he was removed from the United States at or near Laredo, Texas, (c) on April 17, 2007, he was knowingly in the United States at Delaware, and (d) prior to April 17, 2007, neither the United States Attorney General nor the Undersecretary for Border and Transportation Security, Department of Homeland Security, expressly consented to Defendant's reapplying for admission to the United States.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5. Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a two-level reduction in the defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1.

6. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

_____
Edson Bostic, Esquire
Cathy Jenkins
Attorney for Defendant

_____
David L. Hall
Assistant United States Attorney

_Amparo Vega Cortez_
Amparo Vega-Cortez
Defendant

Dated: 27JUL07

AND NOW, this 27th day of July, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Gregory M. Sleet
United States District Judge

3